**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 18 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

  v.

RICKY PAUL ALVAREZ,

        Defendant-Appellant.

No. 19-10421

D.C. No. 2:19-cr-00092-SPL-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Steven P. Logan, District Judge, Presiding

Submitted April 11, 2022[**]

Before: McKEOWN, CHRISTEN, and BRESS, Circuit Judges.

The stay of this appeal, entered on July 27, 2021, is lifted.[1]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] We may resolve this appeal without a disposition by the Supreme Court in *United States v. Taylor*, No. 20-1459, as to whether attempted Hobbs Act robbery is a crime of violence for purposes of 18 U.S.C. § 924(c)(3)(A). *See United States v. Goodall*, 21 F.4th 555 (9th Cir. 2021) (holding that the defendant's appeal waiver foreclosed his challenge to his 18 U.S.C. § 924(c) conviction because the

Ricky Paul Alvarez appeals from the district court's judgment and challenges his guilty-plea convictions and aggregate 192-month sentence for attempted Hobbs Act robbery and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. §§ 1951 and 924(c)(1)(A)(ii), respectively. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), Alvarez's counsel has filed a brief stating that there are no grounds for relief, along with a motion to withdraw as counsel of record. We have provided Alvarez the opportunity to file a pro se supplemental brief. No pro se supplemental brief or answering brief has been filed.

Alvarez waived his right to appeal his conviction and sentence. Our independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 80 (1988), discloses no arguable issue as to the validity of the waiver. *See United States v. Watson*, 582 F.3d 974, 986-88 (9th Cir. 2009). We accordingly dismiss the appeal. *See id.* at 988.

Counsel's motion to withdraw is **GRANTED.**

**DISMISSED.**

---

illegal *sentence* exception to appellate waivers does not apply to challenges to illegal *convictions*).